Belmont Municipal Court,
No. 4824.

STATE *v.* ELDRED S. SHAW.

Argued April 5, 1960.

Decided. May 31, 1960.

*Louis C. Wyman*, Attorney General, *Elmer T. Bourque*, Assistant Attorney General and *Irma A. Matthews*, Law Assistant (*Irma A. Matthews* orally), for the State.

*Robert V. Johnson* and *Richard P. Brouillard* (*Mr. Brouillard* orally), for the defendant.

LAMPRON, J. RSA 207:7 reads as follows: "HUNTING FROM MOTOR VEHICLE, BOAT, OR AIRCRAFT. No person shall take or attempt to take wild birds or wild animals from a motor vehicle, boat, aircraft or other craft propelled by mechanical power. No person shall have or carry, in or on, such motor vehicle, boat, aircraft or other craft, whether moving or stationary, a loaded rifle or loaded shotgun or a rifle or shotgun with a cartridge in the magazine or clip attached to the gun. This section shall not apply to law enforcement officers carrying guns in the line of duty."

It is agreed that at the moment of arrest the defendant was in a sitting position in the rear seat of his stationwagon with a loaded .22 caliber Winchester rifle and was preparing to fire at printed paper targets in a sand pit, not located in a wooded area. Defendant takes the position that, absent any evidence that he was hunting, he cannot be found guilty of a violation of said statute. The reason given is that the gist of the offense defined in the second sentence of the above statute is the possession of a loaded rifle in a motor vehicle being used by one who is hunting, or might reasonably be suspected to be hunting, but whose conduct may not constitute shooting of or at wild birds or wild animals. We do not agree with that interpretation.

As originally enacted, the statute relating to the carriage of loaded guns in motor vehicles was strictly a hunting regulation. Laws 1917, c. 184, s. 26. It prohibited hunting birds or other wild game from an automobile, motorcycle or other motor vehicle and stated that the presence of a person possessed of a loaded firearm

in such vehicle should be "presumptive evidence" of such hunting. P. L., *c.* 197, *s.* 6. In 1935 boats were added to the list and it was provided that the possession of a loaded firearm should be *"prima facie"* evidence of taking game from a vehicle. Laws 1935, *c.* 124, *s.* 1. In 1937, the description of the weapons was changed to a loaded rifle, shotgun or gamegetter and the same with a magazine or clip in which there are loaded cartridges. Laws 1937, *c.* 188, *s.* 4; R. L., *c.* 241, *s.* 6.

However Laws 1947, *c.* 47, *s.* 1, struck out the existing section and substituted the following: "6. AUTOMOBILES. No person shall take or attempt to take wild birds or wild animals from an automobile, boat, aircraft, or other craft propelled by mechanical power. No person shall carry in or on such automobile, boat, aircraft, or other craft a loaded rifle or loaded shotgun or a rifle or shotgun with a cartridge in the magazine or clip attached to gun. This section shall not apply to law enforcement officers carrying guns in the line of duty." In 1949 the prohibition was extended from "carry" to "have or carry" a loaded gun in the enumerated vehicles "whether moving or stationary." Laws 1949, *c.* 16, *s.* 1.

We are of the opinion that the Acts of 1947 and 1949 have changed the provision pertaining to the carrying of certain loaded guns in vehicles from one of evidence of violation of the gaming laws to a prohibition against having or carrying a loaded gun in certain vehicles, whether moving or stationary, or used for hunting or otherwise. This is the only interpretation consonant with the provision in the 1947 amendment (Laws 1947, *c.* 47, *s.* 1), which is still the law, that "this section shall not apply to law enforcement officers carrying guns in the line of duty." It is difficult to conceive of hunting as in the line of law enforcement duties. Unless therefore the statute is interpreted as prohibiting the having or carrying of loaded guns in vehicles whether hunting or not there would be no need for this exception.

Laws 1957, *c.* 188, *s.* 1 shows that this is the meaning ascribed to this provision by the Legislature. It provides that a disabled veteran having a special permit may hunt while using a motor vehicle but provides further "that no loaded firearm, shotgun or rifle shall be carried or transported with a cartridge either in the chamber, magazine or clip attached to said firearm, shotgun or rifle, while said vehicle is in motion." This is a plain indication that the Legislature understood the existing law to prohibit the having or carrying of a loaded gun in a motor vehicle so that a

specific exception was required to permit a disabled veteran to hunt from a stationary automobile.

We are therefore of the opinion that a person can be found guilty of a criminal offense under RSA 207:7 who is in possession of a loaded rifle in a motor vehicle, and who at the moment of arrest, is engaged in shooting at printed paper targets in a sand pit, not located in a wooded area. The answer to the transferred question is "yes."

*Remanded.*

All concurred.